UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| THE BRENT ALLEN SWALLERS ESTATE BY EXECUTOR BRENT-ALLEN, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:17-cv-04505-SEB-DML |
| THOMAS ARVIN, | ) ) | |
| Defendant. | ) ) | |

**ORDER ON MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND OTHER MOTIONS**

Now before the Court is Defendant Thomas Arvin's ("Arvin") motion to dismiss for lack of subject-matter jurisdiction. Dkt. 3. *See* Fed. R. Civ. P. 12(b)(1). For the reasons explained below, the motion is denied.

Arvin "is a Special Deputy United States Marshal, who serves as a Federal Bureau of Investigation ('FBI') Task Force Officer." Dkt. 1 ¶ 1. In 2016, Arvin executed a search warrant at the home of Plaintiff *pro se* Brent Swallers ("Swallers"). (We disregard for the moment Swallers's styling himself as the executor of an estate bearing his name. *See* Dkt. 9.) On November 28, 2017, Swallers filed an action in Wayne Township Small Claims Court, Marion County, Indiana, alleging that Arvin had unlawfully seized from him ammunition and ammunition boxes valued at $1,000, and seeking their return as well as $8,000 damages. Dkt. 1 Ex. 1, at 1. Arvin removed the action to this Court on December 5, 2017, invoking the federal-officer removal statute, 28 U.S.C. 1442(a)(1).

1

Arvin's argument for dismissal proceeds in two steps. First, Arvin argues that "[i]t is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). And Swallers's complaint furnishes "[no] basis for any waiver of sovereign immunity that would subject individual employees, agents, or officers of the United States to a civil suit for the return of property seized [under] a federal warrant and held by the FBI in state court." Br. Supp. 2. Therefore, according to Arvin, the state court lacked jurisdiction over Swallers's case.

Second, Arvin argues that, under the doctrine of derivative jurisdiction, "'where the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in federal court it would have had jurisdiction.'" *Rodas v. Seidlin*, 656 F.3d 610, 615 (7th Cir. 2011) (alteration omitted) (quoting *Edwards v. U.S. Dep't of Justice*, 43 F.3d 312, 316 (7th Cir. 1994)). Therefore, so long as the motion is made before entry of final judgment, *Abaju v. Harvey*, No. 1:18-cv-01234-JMS-MJD, 2018 WL 3586588, at *5 (S.D. Ind. July 26, 2018) (Magnus-Stinson, C.J.) (discussing *Rodas*, 656 F.3d at 619–25), the case must be dismissed for lack of jurisdiction.

The conclusion advanced by Arvin would be correct if its predicates were. But Swallers did not sue the United States; he sued Arvin. The United States is a sovereign and enjoys sovereign immunity; Arvin personally is not and does not. *See Kentucky v. Graham*, 473 U.S. 159, 166–67 (1985); *Edelman v. Jordan*, 415 U.S. 651, 668 (1974); *Okoro v. Callaghan*, 324 F.3d 488, 491 (7th Cir. 2003).

The Westfall Act, codified in relevant part at 28 U.S.C. § 2679, "immunizes federal employees acting within the scope of their employment from an action for damages through the device of substituting the United States as the party defendant, so long as the suit is not for a constitutional violation or otherwise statutorily authorized against a government employee." *Panther Brands, LLC v. Indy Racing League, LLC*, 827 F.3d 586, 590–91 (7th Cir. 2016). And federal district courts' jurisdiction over tort claims against the United States is exclusive of the state courts'. 28 U.S.C. § 1346(b)(1). But the Westfall Act is not self-executing. Only "[o]nce the Attorney General certifies that the named employee was acting within the scope of his office or employment, [does] federal jurisdiction become[] exclusive." *Panther Brands*, 827 F.3d at 591 (citing *Osborn v. Haley*, 549 U.S. 225, 242, 243, (2007)).

No such certification has been made in this case, neither here nor in the state court. Arvin remains the only named defendant; the United States has not been substituted. Thus, the operation of the Westfall Act and 28 U.S.C. § 1346 did not divest the state court of jurisdiction over Swallers's suit, and there is accordingly no existing defect in our jurisdiction.

Before closing, we note that we have assumed Swallers's action to be one for conversion or replevin under state law. It is only in such cases where state law supplies the rule of decision, that is, where "the United States 'would be liable to the claimant' as 'a private person' 'in accordance with the law of the place where the act or omission occurred[,]'" that the statutory machinery described here is engaged. *FDIC v. Meyer*, 510 U.S. 471, 477 (1994) (quoting 28 U.S.C. § 1346(b)). Swallers's tardy and largely

3

incomprehensible response to Arvin's motion suggests, however, that his is a *Bivens* action for violations of the Fourth Amendment to the Constitution. If that is so, there is still no sovereign immunity problem, *Okoro*, 324 F.3d at 491, and Arvin has not challenged the state court's jurisdiction to hear and decide *Bivens* actions.

## **Order**

For the reasons explained above, Arvin's motion to dismiss [Dkt. 3] is DENIED. Swallers's pending motions [Dkt. 11 and Dkt. 12] are DENIED AS MOOT.

IT IS SO ORDERED.

Date: 9/25/2018

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

THE BRENT ALLEN SWALLERS ESTATE BY EXECUTOR BRENT-ALLEN
539 S. Auburn Street
Indianapolis, IN 46241

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov